IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACKSON WALKER L.L.P., | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-671-L |
| | § | |
| WETLAND ENVIRONMENTAL TECHNOLOGIES, L.L.C., | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Request for Entry of Default & Default Judgment, filed June 20, 2005. Plaintiff Jackson Walker L.L.P. ("Jackson Walker" or "Plaintiff") seeks a default judgment against Defendant Wetland Environmental Technologies, L.L.C. ("Wetland" or "Defendant"). Jackson Walker filed this action on April 6, 2005. Jackson Walker maintains that Wetland was served with a copy of the Summons and Complaint, via the Secretary of State on May 18, 2005. Wetland has not answered, or otherwise responded pursuant to Fed. R. Civ. P. 12. Jackson Walker contends that it is entitled to entry of default and default judgment because Wetland has not filed a responsive pleading or otherwise defended this suit. In support of its request for entry of default, Jackson Walker submitted a copy of the Certificate of Service issued by the Texas Secretary of State on May 18, 2005. The certificate states, in part, that a copy of the Summons and Plaintiff's Original Complaint was forwarded to Wetland's registered agent in Atlanta, Georgia on April 14, 2005, by certified mail, return receipt requested. The certificate further states that "The PROCESS was returned to this office on May 17, 2005, bearing the notation Unclaimed." Plaintiff's Request for Entry of Default, Exhibit A.

**Memorandum Opinion and Order - Page 1**

The Texas Long Arm Statute provides in pertinent part:

> **§ 17.045. Notice to Nonresident**
>
> (a) If the secretary of state is served with duplicate copies of process for a nonresident, he shall require a statement of the name and address of the nonresident's home or home office and shall immediately mail a copy of the process to the nonresident.

Tex. Civ. Prac. & Rem.Code § 17.045(a). In *Barnes v. Frost National Bank,* 840 S.W.2d 747 (Tex.App.-San Antonio 1992, no writ)*,* the court concluded a Secretary of State's Certificate that stated process was "unclaimed" did not confer personal jurisdiction in the trial court over a nonresident defendant. *Barnes,* 840 S.W.2d at 750. In reaching its decision, the court noted that the *Barnes* record did not reflect whether (i) the plaintiff gave the secretary of state the correct address for the defendant or (ii) the secretary of state's officer received the return receipt. *Id.*

This court agrees with the *Barnes* court's reasoning. The record in this case does not reflect that Jackson Walker provided the Secretary of State with Wetland's home office address in Georgia, or even the correct address for Wetland's agent for service in Georgia. Further, as articulated in *Barnes*, "An unclaimed letter from the Secretary of State's office can hardly further the aim and objective of the long-arm statute, which is to provide reasonable notice of the suit and an opportunity to be heard." *Id.* The law makes no presumption favoring valid issuance, service, and return of citation in a default judgment case. *See Uvalde Country Club v. Martin Linen Supply Company*, 690 S.W.2d 884, 885 (Tex. 1985)). Accordingly, Plaintiff shall file an amended motion establishing that service was effected in compliance with the applicable rules and due process. Plaintiff's Request for Entry of Default & Default Judgment is **denied**.

**It is so ordered** this 2nd day of August, 2005.

_____
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 3**