IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JACKSON WALKER, L.L.P.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-0671-L |
| | § | |
| **WETLAND ENVIRONMENTAL TECHNOLOGIES, L.L.C.**, | § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Amended Motion to Dismiss for Lack of Personal Jurisdiction, filed August 2, 2005. After careful consideration of the motion, briefs, appendices, response, reply, record, and applicable law, the court **grants** Defendant's Amended Motion to Dismiss for Lack of Personal Jurisdiction.

### I. Background

Plaintiff Jackson Walker L.L.P. ("Plaintiff" or "Jackson Walker") filed this action on April 6, 2005 against Defendant Wetland Environmental Technologies, L.L.C. ("Defendant" or "Wetland").[1] Plaintiff seeks a declaratory judgment that a Letter Agreement signed on November 2, 2000 to amend a contract ("Contract") entered into between Wetland and Trust Company of Texas[2] on August 19, 1997, is not a binding agreement. Plaintiff also contends that

---

[1] Jackson Walker is a Texas limited liability partnership, and Wetland is a Georgia limited liability company. This action was filed in federal court because there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

[2] Trust Company of Texas is now known as Westwood Trust ("Westwood").

**Memorandum Opinion and Order - Page 1**

Defendant breached the Contract it entered into in August 1997 in several respects[3]; and seeks damages, attorney's fees, and costs of court.  The Contract entered into between Wetland and Westwood granted Wetland the option to acquire conservation easements on particular blocks of property for the purpose of selling wetland mitigation credits with respect to these blocks.  From what the court can glean from the record, Jackson Walker, through a mortgage foreclosure sale, became the owner of 943 acres of land, which was part of the original 5,000 acres located in Baldwin County, Alabama and referenced in the Contract.

In its amended motion, Wetland contends that this court's exercise of personal jurisdiction over it would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution; that it does not have minimum contacts sufficient to support an exercise of personal jurisdiction over it by a court in Texas; it does not purposefully direct any of its activities toward Texas; and that an exercise of personal jurisdiction over it by a court in Texas would offend traditional notions of fair play and substantial justice.  Jackson Walker, on the other hand, contends that the motion should be denied because the exercise of personal jurisdiction over Wetland comports with the requirements of the Due Process Clause of the Fourteenth Amendment and

---

[3]Jackson Walker contends that Wetland breached the Contract by:

> (1) selling mitigation credits for less than $10,000.00 without seeking written permission to do so from Westwood; (2) failing to prepare and market the "block" exercised for sale; (3) failing to purchase and maintain liability insurance in the amount of $1,000,000.00 naming Westwood as an additional insured; (4) failing to perform in good faith under the agreement by conspiring to defraud Westwood by amending material terms of the Contract and establishing a commission to be paid to Richard A. Boykin, Jr.; and (5) failing to maintain a permit authorizing the sale of wetland mitigation credits.

Plaintiff's Original Complaint ¶ 18.

**Memorandum Opinion and Order - Page 2**

because the exercise of such jurisdiction does not offend traditional notions of fair play and substantial justice.

## II. Motion to Dismiss for Lack of Personal Jurisdiction

### A. Legal Standard

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a prima facie case for the court's jurisdiction over a nonresident defendant. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When the court rules on the motion without an evidentiary hearing, the plaintiff may establish personal jurisdiction by presenting a prima facie case that personal jurisdiction is proper, *id.*, and proof by a preponderance of the evidence is not required. *International Truck and Engine Corp. v. Quintana*, 259 F.Supp.2d 553, 556 (N.D. Tex. 2003) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)). The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. *Stuart*, 772 F.2d at 1192. Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). After a plaintiff makes his prima facie case, the burden then shifts to the defendant to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

A federal court has jurisdiction over a nonresident defendant if the state long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.,*

9 F.3d 415, 418 (5th Cir. 1993).  Because the Texas long-arm statute extends to the limits of federal due process, *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990), the court must determine whether (1) the defendants have established "minimum contacts" with the forum state; and, (2) whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial justice." *Ruston Gas*, 9 F.3d at 418 (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475.  The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This test "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King*, 471 U.S. at 475 (citations omitted).  The "minimum contacts" prong of the inquiry may be subdivided into contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction.  *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999).  Specific jurisdiction is only appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).  The exercise of general personal jurisdiction is proper when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial.  *Id.* at 414 n.9.

In evaluating the second prong of the due process test, the court must examine a number of factors in order to determine fairness and reasonableness, including: (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering social policies. *Asahi Metals Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987). As noted above, "once minimum contacts are established, a defendant must present 'a compelling case that the presence of some consideration would render jurisdiction unreasonable.'" *Eviro Petroleum, Inc. v. Kondur Petroleum*, 79 F. Supp.2d 720, 725 (S.D. Tex. 1999) (*quoting Burger King*, 471 U.S. at 277). In fact, "[o]nly in rare cases . . . will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state." *Id.* (*quoting Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991)).

### B. Analysis

#### 1. General Jurisdiction

A review of Plaintiff's Original Complaint and Brief in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction ("Plaintiff's Brief") reveals that Jackson Walker contends only that this court has specific jurisdiction over Wetland. Jackson Walker asserts that :

> This [c]ourt has specific personal jurisdiction over [Wetland] because it purposefully availed itself of the privilege of acting in Texas by initiating business dealings with Westwood Trust, a Texas company. Plaintiff's cause of action for breach of contract arises out of a contract entered into between [Wetland] and a Texas company, and the exercise of jurisdiction over [Wetland] is reasonable.

Plaintiff's Brief at 2.

**Memorandum Opinion and Order - Page 5**

In light of the position taken by Jackson Walker, it is clear that Jackson Walker is not asserting general personal jurisdiction as a basis for the court's jurisdiction.[4] Accordingly, the court will not address any matters relating to general personal jurisdiction.

### 2. Specific Jurisdiction

Jackson Walker contends that several obligations of the Contract were required to be performed in Texas. Specifically, Jackson Walker contends that the Contract provides for Defendant to send payments to Westwood, in Texas, after the sale of any mitigation credits; that Wetland has a duty to send to Westwood, in Texas, copies of any reports or records of sales along with an affidavit from it certifying the gross sales price and number of mitigation credits sold; and that the Contract requires Wetland to seek Westwood's written consent in Texas, before it (Wetland) can sell mitigation credits below the $10,000 per acre floor price as set forth in the Contract. According to Jackson Walker, the breach of these obligations, all of which were to take place in Texas, forms the basis for its claims in this lawsuit. Plaintiff's Brief at 3-4.

The mere existence of a contract between an out-of-state resident and an in-state resident, while relevant, does not automatically establish sufficient minimum contacts to confer specific jurisdiction. *Burger King* 471 U.S. at 478. Generally, when a plaintiff bases specific jurisdiction on a contractual relationship, the court must consider the "factors of prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 872 (5th Cir. 1999) (*citing Burger King*, 471 U.S. at 478). The record sheds some light on the negotiations or course

---

[4]Contrary to Wetland's assertion, *see* Defendant's Brief at 3, Jackson Walker does not assert in its complaint that Wetland is subject to general personal jurisdiction. The statement by Jackson Walker that this court "has personal jurisdiction over [Wetland]" is based on Jackson Walker's belief that the Contract was performable in part in Texas. Plaintiff's Original Complaint ¶ 3.

**Memorandum Opinion and Order - Page 6**

of dealing between Wetland and Trust Company of Texas. Thomas L. Minick ("Minick"), the authorized representative of Wetland, states that "[n]o negotiations involving Wetland with respect to the Contract occurred in the State of Texas." Affidavit of Thomas L. Minick, Defendant's App. at 4. Minick also states that "no representative of Wetland went to the State of Texas to negotiate, draft, or sign any of the documents relating to the Contract." *Id.* Jackson Walker offers no evidence to contradict Minick's statements. Contrary to the assertions made by Wetland, the Contract does not contain a form selection clause.[5]

A review of the terms of the Contract readily reveals its essence. The essence of the contract was to permit Wetland to acquire or purchase wetland conservation easements to sell mitigation credits on 5,000 acres of land located in Baldwin County, Alabama. The material performance of the Contract was centered in Alabama, as the mitigation credits to be sold would relate to property located in that state. The sales of these credits are what drove the train, not the alleged incidental requirements Jackson Walker contends were to be performed in Texas.[6] Stated another way, "the cake was baked" in Alabama, and the obligations that Jackson Walker contends were to be performed in Texas were at best only the "icing." When material performance is centered outside the forum state, the mailing of payments or other correspondence to the forum state by a nonresident

---

[5] The Contract provides that if the Seller defaults, the Purchaser (Wetland), as one of its options, may pursue an action against the Seller pursuant to the laws of the State of Alabama. The Contract allows the Seller to pursue an action in the event of a breach by the Purchaser, but is silent as to which state's law would apply in such an action. The Contract does not state where a lawsuit has to be commenced. Defendant's App. at 9.

[6] The court is not convinced that the matters which Jackson Walker alleges were to be performed in Texas, *see* section II(B)(2), *supra* at 6, necessarily were to be performed in Texas. Jackson Walker was not a party to the Contract and assumes this to be the case, but it offers no evidentiary support for the assumption. Jackson Walker was not involved in the negotiations and discussions regarding the Contract and can offer only speculation and conjecture on this subject.

**Memorandum Opinion and Order - Page 7**

party is insufficient to establish that such party purposefully availed itself of the benefits and protections of the laws of the forum state. *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986). Moreover, this circuit has consistently held that

> the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary to support the exercise of specific personal jurisdiction over the nonresident defendant.

*Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004) (citing *Holt*, 801 F.2d at 778; *Stuart*, 772 F.2d at 1192-94).

Applying this authority to this case, the court is convinced that Jackson Walker has not made a *prima facie* case of *in personam* jurisdiction. Particularly, Jackson Walker has not established the sufficient minimum contacts for this court to exercise specific jurisdiction over Wetland. The evidence presented by Jackson Walker is simply too slender of a reed to establish that Wetland, by entering into the Contract, purposefully availed itself of the benefits and protections of Texas law.

### III. Conclusion

For the reasons herein stated, the court determines that Jackson Walker has not established the requisite minimum contacts to warrant the exercise of specific personal jurisdiction by this court over Wetland. Accordingly, the court **grants** Defendant's Amended Motion to Dismiss for Lack of

Personal Jurisdiction, and this action is **dismissed without prejudice**. Judgment will issue by separate document as required by Fed. R. Civ. P. 58.

    **It is so ordered** this 29th day of March, 2006.

 

Sam A. Lindsay
United States District Judge